UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>    v.<br>RUDY MARTINEZ,<br>            Defendant. | Case No. 5:12-cr-00769-EJD-1<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Dkt. Nos. 60, 62, 69 |

On February 16, 2021, Petitioner Rudy Martinez, a federal inmate who was housed at Safford but has since been transferred to a halfway house in San Francisco, California, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking immediate release. He contends that the Bureau of Prisons has failed to apply 360 days of earned time credits for "Evidence-Based Recidivism Reduction Training" under the First Step Act, 18 U.S.C. § 3632(d)(4)(A). Dkt. No. 60. Petitioner contends that if the time credits he was entitled to had been applied by the Bureau of Prisons, he should have been released in July of 2020, that is, 360 days before his scheduled release date of July 7, 2021. *Id*. at 24. For the reasons discussed below, the petition is denied.

I.  BACKGROUND

   A.  Plea Agreement

On December 16, 2013, Petitioner entered into an Amended Plea Agreement in which he pled guilty to possession with intent to distribute methamphetamine and heroin. Dkt. No. 34. In

Case No.: 5:12-cr-00769-EJD-1
ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

1

1   the Amended Plea Agreement, Petitioner agreed not to file any collateral attack on his conviction
2   or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 (except a claim for
3   ineffective assistance of counsel in connection with the negotiation of the Amended Plea
4   Agreement or entry of the guilty plea), and agreed not to seek relief under 18 U.S.C. § 3582. *Id*. ¶
5   5. The Court sentenced Petitioner to a 140-month term of imprisonment and a five-year term of
6   supervised release. Petitioner's release date is July 7, 2021. Dkt. No. 60 at 24.

### B.   Procedural History

On February 16, 2021, Petitioner filed the instant petition. On February 23, 2021, the Court directed the Government to respond within thirty days. Dkt. No. 61.[1]

Thereafter, the Government requested and was granted an extension of time to respond. Dkt. Nos. 63, 64. On February 23, 2021, the Government filed a response, contending that the petition is premature because the Bureau of Prisons has until January 22, 2022 to fully phase in the First Step Act. Dkt. No. 67. The Government also contended that the Court lacked jurisdiction because Petitioner was incarcerated in the District of Arizona, and further that there was no evidence in the record to show the Warden at Safford had been served. Finally, the Government contended that Petitioner waived his right to seek the requested relief.

On May 3, 2021, Petitioner filed a reply, asserting that he is in the custody of the Bureau of Prisons Western Regional Office located in Northern California, and therefore this Court has jurisdiction. Dkt. No. 68. As to service, Petitioner explained that he requested the Clerk of Court to effectuate service because the facility was locked down due to the COVID outbreak, and that in any event, the Government has provided the Bureau of Prisons with notice of the instant petition. Lastly, Petitioner contended that the Amended Plea Agreement does not preclude the instant motion because the First Step Act was passed years after he entered the Agreement.

On May 27, 2021, Petitioner filed a notice of transfer indicating that his custody has been transferred to a halfway house in San Francisco, California.

---

[1] Petitioner's motion for reconsideration of the Court's February 23, 2021 order, Docket No. 62, is DENIED.

Case No.:   5:12-cr-00769-EJD-1
ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
2

United States District Court
Northern District of California

## II. DISCUSSION

### A. Jurisdiction

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). As of May 23, 2021, Petitioner's custody has been transferred to San Francisco, California. Accordingly, the Court now has jurisdiction.

### B. Service

The Government indicated in its March 22, 2021 motion for an extension of time that it contacted the Bureau of Prisons' Regional Counsel and provided the Bureau with a copy of the instant petition. Inasmuch as the Government and the Bureau have been given actual notice of the petition, the Court rejects the Government's assertion that the motion should be denied for lack of service.

### C. Waiver

In general, a defendant's waiver of a right is enforceable if "(1) the language of the waiver encompasses the relief sought, and (2) the waiver is knowingly and voluntarily made." *United States v. Burrill*, 445 F. Supp.3d 22, 25 (N.D. Cal. 2020) (quoting *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009)).

Petitioner entered the Amended Plea Agreement in December of 2013. Under the First Step Act, enacted in 2018, the Bureau of Prisons created a risk and needs assessment program, titled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN"). The First Step Act also requires the Bureau of Prisons to, among other things, determine appropriate programming for each prisoner and assign each prisoner to such programming. 18 U.S.C. §§ 3632(a)(3). Further, pursuant to 18 U.S.C. § 3632(d)(4), prisoners "shall earn time credits" for participating in such programs.

The ability to earn time credits under the First Step Act did not exist at the time Petitioner entered the Amended Plea Agreement. Petitioner could not have knowingly waived any right to earn time credits that was not in existence at the time he entered the Amended Plea Agreement.

Case No.: 5:12-cr-00769-EJD-1
ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
3

Therefore, the Court rejects the Government's waiver argument.

**D.    Ripeness**

Petitioner contends that he is entitled to 360 days of credits he has earned under the First Step Act, and therefore he should be released immediately. The Government counters that the Bureau of Prisons has until January 22, 2022 to fully phase in the First Step Act time credits.

The Court agrees with the Government. The First Step Act is intended to be phased in. The Bureau of Prisons has until July 19, 2019 to develop a risk and needs assessment system; until January 15, 2020, to initially assess each inmate's risk and needs; and until January 15, 2022 to complete a full assessment of each inmate, phase in programming, and provide recidivism reduction programs and productive activities for all inmates. *See* 18 U.S.C. § 3632(a), 3621(h)(2)(A), (B). But the statute does not expressly require the Bureau of Prisons to begin awarding earned time credits during the phase-in period. *Cohen v. United States*, No. 20-CV-10833 (JGK), 2021 WL 1549917, at *2-3 (S.D.N.Y. Apr. 20, 2021) (finding that claim is not ripe because BOP is not required to award earned time credits during the phase-in period). Other courts across the nation have considered the issue and agree with the Government as well. *See*, *e.g.*, *Kennedy-Robey v. FCI Pekin*, 2021 WL 797516, at *4 (C.D. Ill. Mar. 2, 2021); *Hand v. Barr*, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021) (report and recommendation); *Llewlyn v. Johns*, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021); *Herring v. Joseph*, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020).

Petitioner relies exclusively on *Goodman v. Ortiz*, 2020 WL 5015613 (D. N.J. Aug. 25, 2020). In *Goodman*, the court acknowledged that the First Step Act does not explicitly provide a date by which the Bureau of Prisons must apply earned time credits, but concluded that Goodman was entitled to immediate application of earned time credits because the statute "does require a 2-year phase-in, not only of participation in the programs, but of incentives for participation in the programs." *Id*. Although there is some logic to phasing in programs and earned time credits concurrently, that is not what the statute provides. The First Step Act sets intermediate deadlines for achieving certain tasks during the phase-in period, but is conspicuously silent regarding

Case No.:   5:12-cr-00769-EJD-1
ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
4

applying earned time credits during that period.

### III. CONCLUSION

Accordingly, the petition for a writ of habeas corpus is DENIED.

**IT IS SO ORDERED.**

Dated: June 14, 2021

EDWARD J. DAVILA
United States District Judge